IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A. MICHAEL AMSTADTER, BONITA AMSTADTER, )
)
Plaintiffs, ) 2:09-cv-02826-GEB-EFB
)
v. ) ORDER RE FAILURE OF NON-
) GOVERNMENTAL CORPORATE
BANK OF AMERICA, BANK OF AMERICA ) PARTIES TO RESPOND TO MINUTE
HOME LOANS, MORTGAGE ELECTRONIC ) ORDER
REGISTRATION SYSTEMS, INC. )
("MERS"), NDEX WEST, and DOES 1-50,)
inclusive, )
Defendants. )
_____)

The following Minute Order was filed on December 17, 2009, to which there has been no response:

> No later than 5:00 p.m. on Friday, December 18, 2009, any non[-]governmental corporate party to this action shall file a statement identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party[']s stock. If any non[-]governmental corporate party has no parent or subsidiary corporations or no publicly held companies owning 10% or more of its stock, it shall so state in its statement.

All non-governmental corporate parties shall file a response to the December 17, 2009 Minute Order no later than 4:00 p.m. on January 15, 2010, or, in the alternative, are ordered to show cause ("OSC") in a writing to be filed by the same deadline why sanctions should not be imposed against the party and/or that party's counsel

1

under Rule 16(f) of the Federal Rules of Civil Procedure for failure to comply with the December 17, 2009 Minute Order.  The Order filed October 13, 2009 also required the non-governmental corporate parties to make the disclosure required by the December 17, 2009 Minute Order. The written response to the OSC shall also state whether the party and/or the party's counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on January 19, 2010, commencing at 9:00 a.m.

Dated:  January 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2