IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
A. MICHAEL AMSTADTER, BONITA      )
AMSTADTER,                        )
                                  )
         Plaintiffs,              )   2:09-cv-2826-GEB-EFB
                                  )
     v.                           )
                                  )   ORDER GRANTING IN PART
BANK OF AMERICA, BANK OF AMERICA  )   BOFA's MOTION TO DISMISS
HOME LOANS, MORTGAGE ELECTRONIC   )   AND DECLINING SUPPLEMENTAL
REGISTRATION SYSTEMS, INC.,       )   JURISDICTION OVER PLAINTIFFS'
NDEX WEST., and DOES 1-50,        )   STATE LAW CLAIMS[*]
inclusive,                        )
                                  )
         Defendants.              )
_____)
```

On December 29, 2009, Bank of America, N.A. ("BofA")[1] filed a motion under Federal Rule of Civil Procedure 12(b)(6), in which it argues Plaintiffs' first amended complaint should be dismissed. (Docket No. 29.) Plaintiffs' claims relate to a mortgage loan transaction and foreclosure proceedings involving their property located at 27600 Cloverleaf Drive in Helendale, California. For the reasons stated below, Plaintiffs' sole federal claim is dismissed with

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1] BofA argues it has been erroneously sued as Bank of America and Bank of America Home Loans.

1

prejudice and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(c)(3).

## I. LEGAL STANDARD

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

BofA requests that judicial notice be taken of four documents related to Plaintiffs' mortgage loan which are publically recorded in the Official Records of San Bernardino County: a May 5, 2005 Deed of Trust, a May 21, 2009 Notice of Default and Election to Sell Under Deed of Trust, a July 7, 2009 Substitution of Trustee and a September 23, 2009 Notice of Trustee's Sale. (Request for Judicial Notice ("RJN") Exs. A-D.)

"[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion[,] . . . [however,] it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). The Court may take judicial notice of a fact that is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents BofA submits are publically recorded and are proper for judicial notice. See Champlaie, 2009 WL 3429622, at *4 (finding judicial notice of recorded Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale proper). Therefore, BofA's request for judicial notice is granted.

## II. BACKGROUND

Plaintiffs filed their original complaint in this action on October 12, 2009, in which they alleged nine claims under California law and a federal claim under the Truth in Lending Act ("TILA"). Plaintiffs filed their now operative first amended complaint after BofA filed a motion to dismiss Plaintiffs' original complaint.

Plaintiffs' first amended complaint explicitly identifies six claims, all alleged under California law. However, in the "Jurisdiction and Venue Section" of their amended complaint, Plaintiffs allege that "[t]his is an action asserting violations of Federal Statutes commonly known as TILA, RESPA, Regulation Z, and [RICO]." Despite this allegation, Plaintiffs' amended complaint only includes a conclusory allegation of a TILA violation. Specifically, in the "Factual Background" section of their amended complaint, Plaintiffs allege that their mortgage loan was subject to TILA's disclosure requirements, they did not receive the statutorily required disclosures, and as a result, they are entitled to damages. (First Amended Compl. 6:3-8.) Plaintiffs, however, do not argue in their opposition that they are alleging a TILA claim.

## III. DISCUSSION

### A. Plaintiffs' TILA Claim

BofA argues that to the extent Plaintiffs' amended complaint alleges a TILA claim, it is barred by the one-year statute of limitations and should be dismissed. (MTD 3 n.3.) Plaintiffs have not countered this argument.

TILA provides a one-year statute of limitations for damages claims. See 15 U.S.C. § 1640(e) (stating that any action against a creditor who fails to comply with TILA's disclosure requirements may

4

be brought "within one year from the date of the occurrence of the violation"). "[A]s a general rule[,] [this] limitations period starts at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Although Plaintiffs do not allege the date on which they "consummated" their mortgage loan, they executed the Deed of Trust securing their loan on May 4, 2005 and the recorded Deed of Trust reveals Plaintiffs signed and dated the promissory note on May 5, 2005. (RJN Ex. A.) Plaintiffs, however, did not file their original complaint in this action until October 12, 2009. Therefore, Plaintiffs' TILA claim was filed after the one-year statute of limitations period. Since Plaintiffs have already amended their complaint once, there is no indication that the doctrine of equitable tolling applies, and Plaintiffs have presented no opposition to dismissal of this claim, Plaintiffs' TILA claim is dismissed with prejudice.

**B. Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

Since only state law claims remain in Plaintiffs' amended complaint, the Court may *sua sponte* decide whether to continue to exercise supplemental jurisdiction over Plaintiffs' state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the

Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri, 114 F.3d at 1001. "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ." Anderson v. Countrywide Financial, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)). Therefore, Plaintiffs' remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the stated reasons, BofA's motion to dismiss Plaintiffs' TILA claim is granted and Plaintiffs' TILA claim is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(c)(3). Therefore, Plaintiffs' state law claims are dismissed without prejudice, and this case shall be closed.

Dated: February 25, 2010

GARLAND E. BURRELL, JR.
United States District Judge